■ LEE ROSENBLOOM et al., Individually, as Shareholders and in the Right of LUBA ORGANIZATION, INC., Respondents-

Appellants, v NATHAN GURARY et al., Appellants-Respondents, et al., Defendant. [757 NYS2d 2] —Order, Supreme Court, New York County (Herman Cahn, J.), entered April 10, 2002, which, in an action by shareholders seeking their share of the subject corporation's remaining assets, granted plaintiffs' motion for partial summary judgment to the extent of directing defendants to distribute to plaintiff Adams 13.9/21.9 of the $140,400 being held in escrow by defendants' attorney, plus legal interest, and denied defendants' cross motion to dismiss Adams' claims, unanimously modified, on the law, to direct defendants to distribute to plaintiff Rosenbloom 8/21.9 of the $140,400 being held in escrow, plus legal interest, and otherwise affirmed, with one bill of costs to plaintiffs payable by defendants-appellants-respondents.

Plaintiffs and the individual defendants are all shareholders in defendant corporation. Defendants, who managed the corporation, liquidated its sole asset, a building, and began winding it up. After paying certain expenses and distributing monies to themselves, the individual defendants placed the corporation's remaining assets, approximately $140,400, in an escrow account. Plaintiffs now rightly seek a like distribution for themselves. The schedule K-1s issued by defendants to plaintiffs in recent years, and defendants' own admissions, establish that plaintiffs Adams and Rosenbloom own at least 13.9% and 8% of the corporation, respectively, which percentages they sought to recover in the instant motion for partial summary judgment. Defendants claim that even if the amounts of plaintiffs' respective shares were not in dispute, the escrow fund does not, as the IAS court assumed, represent plaintiffs' combined 21.9% share of the net proceeds of the liquidation, but also includes monies held back against various other corporate liabilities. However, the only such other "liabilities" to which defendants point is the cost of this action. Neither the dissolved corporation nor the individual defendants have any clear entitlement to recoup the cost of this action from what would otherwise be plaintiffs' share of the corporation's remaining assets. Nor is there merit to defendants' claim that plaintiff Adams lacks standing. The record establishes that defendant Zombek, Adams' ex-husband, held a least a 13.9% interest in the corporation, and that such interest was given to Adams in the couple's separation agreement, albeit as trustee for their children. Since Zombek is a party to the action, defendants have no potential liability to him by reason of the distribution. We modify to direct defendants to distribute to plaintiff Rosenbloom 8/21.9 of the escrow fund, there being no issue of fact that her ownership interest was at least 8%. Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.